UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

COXCO REALTY, LLC                                                                              PLAINTIFF

v.                                                                              CIVIL ACTION NO. 3:06-CV-416-S

UNITED STATES ARMY CORPS OF
ENGINEERS                                                                                    DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on motion of the defendant, United States Army Corps of Engineers (the "Corps"), for judgment on the pleadings. The Corps seeks dismissal of the complaint filed by the plaintiff, Coxco Realty, LLC ("Coxco"), on the basis that this court lacks subject matter jurisdiction. In its complaint, Coxco seeks a declaratory judgment that its property does not contain wetlands that are subject to regulation under the Clean Water Act.

## BACKGROUND

The Clean Water Act ("CWA"), 33 U.S.C. §§ 1251 et seq., provides the foundation for this case. The CWA is a comprehensive statute designed to "restore and maintain the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). To accomplish this goal the CWA prohibits the discharge of any pollutants into navigable waters unless authorized by a CWA permit of specific exception. *Id.* § 1311(a). The CWA defines "navigable waters" broadly as all "waters of the United States, including the territorial seas." *Id.* § 1362(7). The Corps has defined "waters of the United States" to include "wetlands adjacent to waters." 33 C.F.R. §

328.3(a). Section 404 of the CWA authorizes the Corps to issue permits for discharges of dredged or fill materials into waters of the United States. 33 U.S.C. § 1344(a). The Corps has promulgated regulations governing its processing and issuance of section 404 permits. *See* 33 C.F.R. §§ 320-325.

Coxco owns a 64-acre parcel of property in Jefferson County, Kentucky (the "Parcel"). Coxco seeks to develop the Parcel, including portions of the Parcel that the Corps has determined to contain wetlands that are subject to the CWA regulation. In October 1999, Coxco submitted a report to the Corps in which it identified thirteen separate wetland areas on the Parcel totaling 14.4 acres. In December 1999, the Corps issued a letter providing its determination that these wetland areas were within the Corps' CWA jurisdiction. In June 2000, Coxco applied for a permit to fill the wetlands and develop the Parcel (the "Section 404 Permit").

In January 2001, the United States Supreme Court issued its decision in *Solid Waste Agency of Northern Cook County v. United States Army Corps of Engineers*, 531 U.S. 159, 121 S.Ct. 675, 148 L.Ed.2d 576 (2001), in which it considered the scope of the term "navigable waters" as used in the CWA. In response to this decision, the Corps sent a letter to Coxco in August 2002, in which the Corps confirmed that the wetlands on the Parcel were waters subject to the Corps' CWA jurisdiction. In October 2002, Coxco filed an administrative appeal of the Corps' jurisdictional determination. As a result of the appeal, the jurisdictional determination was remanded for further consideration in April 2003. On remand, in June 2003, the Corps issued a revised jurisdictional determination in which it concluded that only 10.15 acres on the Parcel comprised of six separate wetland areas continued to be jurisdictional.[1] Coxco subsequently sought to lodge another appeal and requested reconsideration of the June 2003 revised jurisdictional determination. Coxco was

---

[1] Although not relevant for purposes of this motion, the court notes that Coxco refers to certain tracts of wetlands totaling 10.15 acres and 10.14 acres. The court assumes that Coxco is referring to the same tracts.

informed by the Corps that the revised jurisdictional determination concluded the administrative appeal process. The Corps, however, did reevaluate that determination, and concluded that all six wetland areas were jurisdictional.

In January 2005, Coxco submitted a Conceptual Wetland Mitigation Plan to the Corps in connection with its application for the Section 404 Permit. In the Conceptual Wetland Mitigation Plan, Coxco agreed to create and preserve wetlands in order to compensate for the loss of wetlands caused by Coxco's development of the Parcel. In March 2006, Coxco submitted an addendum to its mitigation plan in order to address certain concerns raised by the Corps. No final action has been taken by the Corps with respect to Coxco's application, and it remains pending. On August 24, 2006, Coxco filed this action contesting the Corps' jurisdiction and requesting that the court declare that 10.14 acres of wetlands on the Parcel do not fall under the Corps' CWA regulatory jurisdiction. In November 2006, the Corps issued a letter to Coxco informing it that it had withdrawn the June 2003 jurisdictional determination and was reevaluating its CWA jurisdiction in light of the United States Supreme Court's decision in *Rapanos v. United States*, --- U.S. ---, 126 S.Ct. 2208, 165 L.Ed.2d 159 (2006). On April 24, 2007, the court entered an agreed order staying a decision on this motion until after completion of the Corps' jurisdictional determination (DN 25). On May 29, 2007, the Corps issued a determination that the Parcel contains 10.14 acres of wetlands that are subject to federal regulation under the CWA. On June 5, 2007, the court entered an order lifting the stay. We will now consider the Corps' motion for judgment on the pleadings.

## DISCUSSION

### I. Coxco's Complaint Fails to Allege a Valid Basis for Subject Matter Jurisdiction

Rule 12(c) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). When a Rule 12(c) motion is based upon the lack of subject matter jurisdiction, the motion "merely serve[s] as an auxiliary device that enables a party to assert [this] procedural defense after the close of the pleadings." 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (2007). In such circumstance, the standard for judgment on the pleadings is the same as a motion to dismiss for lack of subject matter jurisdiction. *Id.*

The Corps' motion for judgment on the pleadings asserts a facial attack on Coxco's jurisdictional allegations. *See United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) ("Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks."). Where a party moves to dismiss by asserting a facial attack on the court's subject matter jurisdiction, the court must take the allegations of the complaint as true and construe them in a light most favorable to the nonmoving party. *Id.* at 598; *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990). The plaintiff has the burden of proving jurisdiction in order to survive a motion to dismiss for lack of subject matter jurisdiction. *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 324. A plaintiff cannot prove jurisdiction in lawsuits against the United States unless the government has waived its sovereign immunity and consented to suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Beamon v. Brown*, 125 F.3d 965, 967 (6th Cir. 1997). A waiver of sovereign immunity must be "express, clear, and unequivocal." *Reed v.*

*Reno*, 146 F.3d 392, 398 (6th Cir. 1998) (citation omitted). The Corps contends that Coxco has not alleged a valid basis for subject matter jurisdiction or a waiver of sovereign immunity.

In its complaint, Coxco cites the Declaratory Judgment Act, 28 U.S.C. § 2201(a)[2], and 33 C.F.R § 329.3[3] as the basis for subject matter jurisdiction. The Declaratory Judgment Act does not contain a waiver of sovereign immunity and does not create a basis for federal subject matter jurisdiction. In *Heydon v. MediaOne of Southeast Michigan*, 327 F.3d 466 (6th Cir. 2003), the Sixth Circuit stated:

> The Declaratory Judgment Act does not create an independent basis for federal subject matter jurisdiction. The Act only provides courts with discretion to fashion a remedy. Thus, before invoking the Act, the court must have jurisdiction already. A plaintiff cannot circumvent the well-pleaded complaint rule by seeking a declaratory judgment that a federal law is inapplicable if the complaint itself would not otherwise state a federal question.

---

[2]The Declaratory Judgment Act provides, in pertinent part:

> In a case of actual controversy within its jurisdiction....any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. 28 U.S.C. § 2201(a).

[3]33 C.F.R. § 329.3 provides:

> Precise definitions of "navigable waters of the United States" or "navigability" are ultimately dependent on judicial interpretation and cannot be made conclusively by administrative agencies. However, the policies and criteria contained in this regulation are in close conformance with the tests used by Federal courts and determinations made under this regulation are considered binding in regard to the activities of the Corps of Engineers. 33 C.F.R. § 329.3.

327 F.3d at 470 (citations omitted); *see also Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72, 70 S.Ct. 876, 94 L.Ed. 1194 (1950) (the Declaratory Judgment Act merely creates a remedy and is not an independent basis for jurisdiction). Accordingly, Coxco cannot rely on the Declaratory Judgment Act to confer subject matter jurisdiction and must establish an independent jurisdictional basis. The regulation cited by Coxco in its complaint, 33 C.F.R § 329.3, fails to do so. "A regulation promulgated by an administrative agency...cannot by itself, in the absence of congressional authorization, confer subject matter jurisdiction on federal courts." *Opera Plaza Residential Parcel Homeowners Association v. Hoang*, 376 F.3d 831, 837 (9th Cir. 2004); *see also AmSouth Bank v. Dale*, 386 F.3d 763, 777 (6th Cir. 2004) ("While [an] agency can create federal law, it cannot expand federal jurisdiction."). We do not find, nor does Coxco argue, that Congress authorized 33 C.F.R. § 329.3 to confer subject matter jurisdiction in the federal courts. Therefore, Coxco's complaint is insufficient to establish this court's subject matter jurisdiction over this action.

## II.  Request to Amend Complaint

In its opposition brief, Coxco argues that the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706, establishes an independent basis for this court's subject matter jurisdiction. Coxco requests leave to amend its complaint in order that it might cite the APA in connection with the Declaratory Judgment Act as the basis for subject matter jurisdiction. Alternatively, Coxco requests that in the event we determine that the APA does not establish subject matter jurisdiction we grant Coxco leave to amend its complaint to assert an unconstitutional taking of property claim against the Corps. The Corps contends that we should deny Coxco's requests on the basis that Coxco has not properly moved to amend its complaint and that, in any event, we should deny the requests on the basis that the proposed amendments would be futile.

Although Coxco has not moved for leave to amend its complaint, we will construe Coxco's request for leave to amend as a motion. We will deny Coxco's request for leave to amend its complaint to include a claim under the APA insomuch as we find that such an amendment would be futile. We will tentatively grant Coxco's request for leave to amend its complaint to include a taking of property claim, but only to the extent that such claim seeks monetary relief for an amount of $10,000 or less.

## A. Proposed APA Claim

The APA allows for a general cause of action for persons "adversely affected or aggrieved by agency action within the meaning of a relevant statute," 5 U.S.C. § 702. In actions which seek relief "other than money damages," the APA operates to waive the government's sovereign immunity. *Id.* Federal courts are authorized under the APA to review "final agency action." *Id.* § 704. However, "[a] preliminary, procedural, or intermediate agency action or ruling [is] not directly reviewable" and may be examined by a federal court only through "review of the final agency action" itself. *Id.* Furthermore, an agency action is not reviewable under the APA to the extent "statutes preclude judicial review." *Id.* § 701(a)(1).[4]

---

[4] Coxco alleges that an independent basis for subject matter jurisdiction exists under 5 U.S.C. § 706. Section 706 provides, in pertinent part:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall...hold unlawful and set aside agency action, findings, and conclusions found to be...arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law...[or] in excess of statutory jurisdiction, authority, or limitations, or short of statutory right....

5 U.S.C. § 706(2)(A) and (C). Coxco alleges that the Corps actions in this case are arbitrary and capricious, and that the Corp has acted in excess of its authority. Therefore, according to Coxco, this court has subject matter jurisdiction over this action. Section 706 does not operate to confer subject matter jurisdiction on this court. Rather, § 706 prescribes

(continued...)

The Corps contends that the APA's waiver of sovereign immunity is inapplicable to Coxco's challenge to its jurisdictional determination. The Corps raises two arguments in support of its contention: (1) the jurisdictional determination is not "final agency action" subject to APA review; and (2) the CWA precludes review of the jurisdictional determination. The Corps contends that based on either argument, even if we were to grant Coxco leave to amend its complaint to include a claim under the APA, we would lack subject matter jurisdiction over such claim. We agree.

**1. Final Agency Decision**

To be considered "final," an agency action must: (1) mark the consummation of the agency's decision-making process; and (2) be an action by which rights or obligations have been determined, or from which legal consequences will flow. *Bennett v. Spear*, 520 U.S. 154, 177-78, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997); *Bangura v. Hansen*, 434 F.3d 487, 500-01 (6th Cir. 2006).

Coxco argues that the jurisdictional determination is an action which determined its rights or obligations in that it created an obstacle to its ability to proceed with development. We disagree. This argument was rejected in *Child v. United States*, 851 F.Supp. 1527, 1535 (D.Utah 1994), wherein the court concluded that jurisdictional determinations do not present obstacles to development of property such that they can be considered final agency action:

> The Corps' statements concerning jurisdiction have no direct impact on Plaintiffs' conduct and do not require any immediate compliance. Further, the decision is not definitive. The Corps may grant Plaintiffs a permit to develop the property according to the Plaintiffs' plan, which would make the Corps' assertion of jurisdiction an action of minimal consequence. Alternatively, the Corps may decline to issue the permit, thus restricting Plaintiffs' use of the Property. Although

---

[4](...continued)
the scope of review for actions that are determined to be properly reviewable under the APA in the first instance. Because the only issue before this court is whether Coxco's challenge to the Corps' jurisdictional determination is properly reviewable under the APA, we need not consider § 706 at this time.

> the Corps has asserted jurisdiction over the Property, the ultimate effects of that action are not yet known. Hence...the Corps' assertion of jurisdiction alone is not a final agency action entitling Plaintiffs to pre-enforcement review in a district court.

851 F.Supp. at 1535. Similarly, the court in *Hampton Venture No. One v. United States*, 768 F.Supp. 174 (E.D. Va. 1991), held that jurisdictional determinations are not final agency action insomuch as "[t]he assertion of jurisdiction by the Corps, without more, did not deny plaintiff the ability to carry out its plans." 768 F.Supp. at 175.

Coxco also argues that the Corps' jurisdictional determination imposes the risk of enforcement if it were to proceed with its development plans. While Coxco may indeed risk an enforcement action, such risk does not render a review of the Corps' jurisdictional determination prior to the time enforcement action is taken proper. In *Lotz Realty Co. v. United States*, 757 F.Supp. 692 (E.D.Va. 1990), a Plaintiff brought suit to challenge the Corps' CWA jurisdiction over his property. The court refused to review the Corps' jurisdictional determination finding that the Plaintiff could either proceed with his development plans if he is certain of his position, or take the steps necessary to obtain an individual permit. The court concluded that:

> [I]f he chooses the former course, judicial review of the [Corps' jurisdictional determination] will be available if and when the United States takes enforcement action. If he chooses the latter course, such review will be available if and when a challenge is brought to the Corps' decision on the individual permit application.

*Lotz*, 757 F.Supp. at 696 (quoting *Avella v. United States*, No. 89-10064-Civ.-JLK, 1990 WL 84499, at *1 (11th Cir. Jan. 22, 1990)).

The Corps' May 29, 2007, jurisdictional determination may mark the consummation of the Corps' decision-making process with respect to whether 10.14 acres of the Parcel are subject to the Corps' CWA jurisdiction. However, no rights or obligations have been determined by, nor will any

- 9 -

legal consequences flow from this determination. *See St. Andrews Park, Inc. v. United States Department of the Army Corps of Engineers*, 314 F.Supp.2d 1238, 1245 ("the Corps' jurisdictional determination under the CWA did not affect the legal rights and obligations of the parties. To the contrary, the legal rights and obligations of the parties were precisely the same the day after the jurisdictional determination was issued as they were the day before.") (citation omitted). Judicial review of the substance of the Corps' jurisdictional determination may be proper under the APA. However, judicial review is only proper at such time as either Coxco challenges the Corps' decision on its Section 404 Permit application, or the Corps brings an enforcement action against Coxco. Because neither of these situations is present in this case, we find that the Corps' jurisdictional determination is not "final agency action" under the APA and is therefore not reviewable at this time.[5]

**2. Statutory Preclusion**

In *Southern Ohio Coal Co. v. Office of Surface Mining*, 20 F.3d 1418 (6th Cir. 1994), the Sixth Circuit held that district courts are without jurisdiction to review a compliance order issued under the CWA unless and until steps are taken to enforce it. 20 F.3d at 1427. In so holding, the

---

[5]Coxco argues that it should be excused from exhausting its administrative remedies because such exhaustion would be futile in light of the Corps' position as to its CWA jurisdiction. In *Darby v. Cisneros*, 509 U.S. 137, 113 S.Ct. 2539, 125 L.Ed.2d (1993), the Supreme Court noted that:

> We have recognized that the judicial doctrine of exhaustion of administrative remedies is conceptually distinct from the doctrine of finality. The finality requirement is concerned with whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury; the exhaustion requirement generally refers to administrative and judicial procedures by which an injured party may seek review of an adverse decision and obtain a remedy if the decision is found to be unlawful or otherwise inappropriate.

509 U.S. at 144 (quotation and citation omitted). Because the Corps' jurisdictional determination is not a final agency action, consideration of the doctrine of exhaustion of administrative remedies is inappropriate.

Sixth Circuit relied on decisions from the Fourth and Seventh Circuits in which those courts concluded that, based on their interpretation of the legislative history and structure of the CWA, Congress intended to preclude judicial review of compliance orders prior to the initiation of a civil action. *Id.* at 1426-27; *Southern Pines Assocs. v. United States*, 912 F.2d 713 (4th Cir.1990); *Hoffman Group Inc. v. EPA*, 902 F.2d 567 (7th Cir.1990).

Although no compliance order is involved in Coxco's dispute with the Corps, we nonetheless find that the CWA precludes judicial review of the Corps' jurisdictional determination. What Coxco seeks is review of a Corps' determination that, under the CWA's regulatory scheme, would precede the issuance of a compliance order if such an order was ever deemed necessary. Because *Southern Ohio Coal* holds that judicial review of a compliance order is pre-enforcement review precluded by the statute, then it necessarily follows that judicial review at a stage even more preliminary, such as a jurisdictional determination, is also precluded. *See Lotz*, 757 F.Supp. at 695. Moreover, *Southern Ohio Coal* explicitly states that its holding applies "not only to orders issued once a violation is discovered, but also to the investigatory work necessary to determine whether a violation exists." 20 F.3d at 1427. Accordingly, we find that the CWA precludes judicial review of the Corps' jurisdictional determination.

Therefore, because the Corps' jurisdictional determination is not "final agency action" under the APA, and because the CWA precludes judicial review of the Corps' jurisdictional determination, if we were to grant Coxco leave to amend its complaint to include a claim under the APA, we would lack subject matter jurisdiction over such claim. As such, we will deny Coxco's request for leave to amend its complaint to include a claim under the APA.

### B. Proposed Takings Claim

Because the Fifth Amendment merely requires a property owner be compensated for the taking of private property, district courts are not empowered to award equitable relief. *Anchor Pointe Boat-A-Minium Ass'n, Inc. v. Meinke*, 860 F.2d 215, 218 (6th Cir. 1988). Congress has only consented, pursuant to the Tucker Act, 28 U.S.C. §§ 1346(a)(2) and 1491(a)(1), to suits brought for monetary relief against the United States as a result of the taking of private property. *Id.* Under the Tucker Act, jurisdiction over claims against the United States for a taking in excess of $10,000 is vested exclusively in the United States Court of Federal Claims. 28 U.S.C. § 1491(a)(1); *see Anchor Pointe*, 860 F.2d at 218. United States District Courts have concurrent jurisdiction over claims seeking relief of $10,000 or less. If a plaintiff wishes to continue to maintain its claim in district court notwithstanding that the claim exceeds the jurisdictional limit, it may do so if it is willing to waive its right to recover damages in excess of $10,000. *Roedler v. Department of Energy*, 255 F.3d 1347, 1351 (Fed. Cir. 2001).

Because we would have subject matter jurisdiction over an unconstitutional taking of property claim to the extent that such claim seeks relief for an amount of $10,000 or less, an amendment to Coxco's complaint to include such a claim would not be futile. We will therefore tentatively grant Coxco's request for leave to amend its complaint to include an unconstitutional taking of property claim, but only to the extent that such claim seeks monetary relief for an amount of $10,000 or less.